UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE ) 
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W., )
Washington, D.C. 20016, )
                                                                         )
                                                                         )
            and                                                    )
                                                                         )
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PIPE )
LINE EMPLOYERS HEALTH AND WELFARE )
FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
                                                                         )
                                                                         )
            and                                                    )
                                                                         )
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PLCA )
NATIONAL PIPELINE TRAINING FUND )
1125 Seventeenth Street, N.W.                    ) C O M P L A I N T
Washington, D.C. 20036, )
                                                                         )
                                  Plaintiffs,              )
                                                                         )
                                                                         )
                v.                                                )
                                                                         )
PETE GOULD & SONS, INC. )
6208 Ravenswood Road )
Ravenswood, West Virginia 26164, )
                                                                         )
                                                                         )
            Serve: Registered Agent              )
            Cheryl L. Gould                             )
            6208 Ravenswood Road            )
            Ravenswood, West Virginia 26164  )
                                                                         )
                                  Defendant.             )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUNDS AND FOR AN AUDIT OF PAYROLL RECORDS)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

### PARTIES

1.      Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established

and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipeline Training Fund ("National Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). The National Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The National Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust. The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the National Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     Defendant Pete Gould & Sons, Inc. is a West Virginia corporation and has a place of business at 6208 Ravenswood Road, in Ravenswood, West Virginia, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

5.     This is an action to collect contributions due to employee benefit plans and for an audit under the terms of a collective bargaining agreement.  This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

6.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

7.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

8.     Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement with the International Union of Operating Engineers that governs the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the collective bargaining agreement ("Collective Bargaining Agreement").

9.     Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiffs certain sums of money for each hour paid to employees of the Defendant performing work covered by the Collective Bargaining Agreement as defined  in Article I, and who perform work in the covered classifications as set forth in Appendix A.

10.     For the period of July 2014 to the present Defendant employed employees performing work under the Collective Bargaining Agreement in various jurisdictions, including the jurisdiction of International Union of Operating Engineers Locals 18, 66 and 132.

11.     During this period of time Defendant failed to pay to the Plaintiffs all of the contributions owed under the Collective Bargaining Agreement.

12.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages.

13.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest.

14.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all costs, attorneys' fees and audit fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUNDS)

15.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16.     The Defendant has failed to pay all contributions owed to the Plaintiffs as required by the Collective Bargaining Agreement.  The amount due is estimated to be in excess of $209,000.00 for the period of July 2014 through and including June 2015.

17.     By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Collective Bargaining Agreement and the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

18.     Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiffs.

19.     The Plaintiffs are entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

## COUNT II

### (AUDIT)

20.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21.     An audit of the Defendant's records from January 2014 to the present will permit the Plaintiffs to determine whether the Defendant properly is reporting the number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees and the amount owed to the Plaintiffs.

22.     Under the terms of the Restated Agreements and Declarations of Trust, Plaintiffs are entitled to conduct an audit of Defendant's payroll records at the Defendant's expense.

**WHEREFORE,** Plaintiffs pray judgment for Counts I and II against Defendant as follows:

A.     For unpaid contributions due and owing to the Plaintiffs in the amount determined owing.

B.     For liquidated damages and interest for any late paid and unpaid contributions owed as provided for in the Collective Bargaining Agreement and Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C.      Costs, audit and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Collective Bargaining Agreement and the Restated Agreements and Declarations of Trust through the date of judgment.

D.      For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at the Defendant's cost for the period of January 2014 through and including the date of judgment.

E.      For any and all contributions, liquidated damages, and interest owed to the Plaintiffs which become due up to the date of judgment plus costs, interest, audit and reasonable attorneys' fees pursuant to the Collective Bargaining Agreement, Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2).

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  June 18, 2015          By:     _____

R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

*Attorney for the Plaintiffs*